
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONNIE RAY MATTHEWS, | § | |
| Petitioner, | § | |
| v. | § | 2:07-CV-0167 |
| LARRY WILSON, Administrator, Hall County Jail, | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION
# TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
# FOR FAILURE TO EXHAUST STATE COURT REMEDIES

Came for consideration the amended petition for a writ of habeas corpus filed by petitioner DONNIE RAY MATTHEWS on August 10, 2007. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition should be DISMISSED for failure to exhaust state court remedies.

## I.
## PROCEDURAL HISTORY

In his petition, petitioner avers he was convicted, on November 10, 1997, of the offense of delivery of a controlled substance for which he received a twenty (20) year sentence. Petitioner has failed to allege where this conviction occurred. Petitioner is currently incarcerated in the Hall County, Texas jail in Memphis, Texas.

Petitioner has represented to this Court that he does not challenge his underlying sentence but is challenging the State's delay in holding a parole revocation hearing, alleging his counsel is ineffective for failing to challenge the delay of the parole revocation hearing, and complaining about new criminal charges against him for which he is being held, including an unconstitutional search and seizure and an unlawful arrest. On August 23, 2007, the undersigned entered an Order to Show Cause Why Petition for Writ of Habeas Corpus Should Not Be Dismissed for Failure to Exhaust State Court Remedies. On August 29, 2007, petitioner responded to the Court's Order.

## II.
## EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I)    there is an absence of available State corrective process; or
    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal

constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a

petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 2005), or on direct appeal by a petition for discretionary review.

In response to the Court's August 23, 2007 Order, petitioner, in his response, states, "Petitioner was unaware that writ of habeas corpus needed to be filed in the highest court whereby, petitioner thought he had exhausted all of the state remedies." It does not appear petitioner has presented his claims related to the parole revocation hearing, and counsel's failure to pursue a parole revocation hearing, to the Texas Court of Criminal Appeals. Therefore, the state's highest court has not had an opportunity to review and determine the merits of petitioner's claim. Consequently, petitioner has not shown the claim has been exhausted. Accordingly, petitioner's ground has not been exhausted and his federal habeas petition is subject to summary dismissal in order that petitioner may present to, and obtain a ruling by, the Texas Court of Criminal Appeals on his ground. Further, petitioner was ordered to set forth why his claims related to new criminal charges, including the allegation they were the result of an illegal search and seizure and/or an illegal arrest, should not be dismissed as not ripe for review. Petitioner has not responded and accordingly the undersigned finds these claims should be dismissed as not ripe for review.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner DONNIE RAY MATTHEWS be, in all things, DISMISSED for failure to exhaust state court remedies.

# IV.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of August 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).